The cause was continued nisi by consent of the parties for advisement, and at the following March term in Boston, the opinion of the Court was delivered by
Parsons, C. J.
[After stating from the record the proceedings in the original action, and the error assigned.] We are to decide whether or not the judgment for this cause is to be reversed.
By the statute of 1784, c. 28, § 7, if the defendant, having been duly served with the writ, makes default, judgment is to be entered against him, his default being considered as a confession of the cause of action.
By the statute of 1797, c. 50, § 5, if the defendant was out of the state when the writ was served, and did not return before the trial, and had no notice of the suit, a suggestion of his absence must be entered on the record, which the plaintiff at his peril must make, and the Court must, ex officio, continue the cause one term. At the next term, it is in the discretion of the Court further to continue the cause, or to call the defendant. But if judgment be rendered on default, the plaintiff cannot have his execution, until he has given bond, with one or more sureties, to make such restitution as the defendant may recover on his review of the action sued within one year. And by the statute of 1791, c. 17, § 2, this Court may, for any reasonable cause, grant to any party liberty to review the action at any time within three years after the judgment. Upon the second statute, the plaintiff in error relies to obtain a reversal of the judgment.
By a writ of error, an erroneous judgment on an original writ, or an erroneous award of execution on a judicial writ, may be corrected. Thus error lies on a scire facias on a former judgment, nt *423 against executors or administrators, or against bail. So error lies to set aside an execution sued out on a statute merchant or staple acknowledged agreeably to law. And by analogy, error will lie to set aside an execution sued on a recognizance for the payment of a debt taken before a justice of the peace, agreeably to the statute of 1782, c. 21.
* But when there is a regular judgment, or a regular [*485 ] award of execution, if an execution after irregularly issue, it cannot be a good cause, in a writ of error, to reverse a judgment or award of execution regularly made. The remedy for the party injured is either by audita querela, or by motion to the Court to set the execution aside.
In the present case, no objection is made to the judgment, or to any part of the process previous to the rendition of the judgment. The judgment cannot, therefore, be reversed for the irregularity of suing out the execution; and the plaintiff in error should have sought relief, if aggrieved, in some other way.
It is not the practice, in this state, to enter on record awards of execution upon original writs, except in particular cases, as against trustees. By law, an execution may be sued, tested out of term, and made returnable on a day out of term; and an alias or pluries may issue, tested on any day within a year after the return day of the next preceding execution. If, in legal contemplation, the first execution is awarded by the Court, and if wrongly awarded, the award may be reversed on error. The record should be made up with an award of an execution. And were we to order the clerk below to enter on the record an award of execution, we must presume that he would enter it according to his docket. Then an award of execution would be entered, that the plaintiff have execution on his giving the bond required by the statute. In this case, the award would be legal, and the execution might have been set aside for irregularity in suing it out. But if the award should appear on record erroneously entered, if we set it aside on error, we could not reverse the original judgment, which is a distinct and independent part of the record, and may be right, although the award of execution may be wrong.
These principles of law do not impose any hardship on the plaintiff in error. If the execution was levied on his estate, the presumption is strong that he knew of the judgment and execution within a year, as he lives in an adjoining state, when he might have moved to set aside the execution, and might have reviewed the action. The presumption is still * stronger [*486 j that he had this knowledge within three years, when this Court could have granted a review if he had suffered by the judg *424 ment. But if the execution was not executed, so that a want of notice might be supposed, then the bond required of his creditor by the plaintiff in error would have been useless to him, as there could be no restitution, where nothing had been taken.
I. Phelps for the defendant in error.
The judgment must be affirmed with costs.
After pronouncing the opinion of the Court, the Chief Justice observed that an execution, in this case, ought not to have issued before bond was given. The issuing it was irregular, and the clerk should have been more attentive. If it was procured by the contrivance of the plaintiff’s attorney, he ought to have known better; and if he did not, it was malpractice