HURLBUT *vs.* MAYO.   ·

M. caused an execution in his favour against H. to be levied on a certain tract of
land, in part satisfaction of the execution ; but the tract of land, described in
the Sheriff's return on the execution, was not shewn to the appraisers, or ap-
praised by them ; but a different tract of land containing the same quantity
of acres, but of less value than that which was described in the Sheriff's re-
turn.—Held that H. the debtor, was entitled to relief by *audita querela,* and
the levy of the execution was set aside.

THIS was a writ of *Audita Querela,* containing the following
complaint :—That the said Mayo by the consideration of the Coun-
ty Court holden at Burlington in and for the County of Chittenden,
September term, 1820, recovered judgment against the said Hurl-
but for the sum of $345 43 damages, and for the sum of $16 91
costs of suit ; upon which judgment the said Mayo took out his ex-
ecution dated 1st of December, 1820, and on the 27th day of the
same December, extended the same on a certain tract of land situ-
ate in Essex in said County, in part satisfaction of the sums of mon-
ey contained in said execution, and the costs and charges thereon
arising, as the proper estate of the said Hurlbut, described as fol-
lows, to wit : Beginning at a stake in the north line of that part of
Lot No. 112, which was heretofore conveyed by John Thompson
to said Hurlbut the debtor, which said stake stands 8 chains and
50 links easterly from the south-easterly line of Lot No. 175 ;
thence from said stake S. 27 deg. W. 25 chains 42 links to a stake ;
thence S. 63 deg. E. 12 chains 50 links to a stake ; thence N. 27
deg. E. 25 chains 42 links to a stake ; thence N. 63 deg. W. 12
chains 50 links to the place of beginning, containing thirty acres
and a half exclusive of the road which passes through the same ;
being part of Lot No. 112. And the Sheriff who made the said
levy, by his return made on said execution, under his official signa-
ture, hath represented and set forth, that he caused the before de-
scribed lands to be appraised under oath, and according to law, by
A. B. and C. appraisers chosen by the said Mayo and Hurlbut, at
the sum of $274 78 as being the true and just value thereof in
money. All which will appear by the record of said execution
with the return thereon in said Court remaining. And now the
said Daniel Hurlbut in fact saith that neither the said Sheriff, nor
the said Mayo the creditor, did ever shew to the above named ap-

Chittenden,
January,
1824.

Hurlbut
vs.
Mayo.

praisers the aforesaid described land, nor did the said appraisers view or appraise the same as set forth in the said Sheriff's return; but on the contrary, the said appraisers did appraise a tract of land containing about thirty acres, being part of said Lot No. 112, which is situate and lies easterly of said tract described in said Sheriff's return, except about ten rods of land running lengthwise of, and on the easterly side of the first described tract. And the said Daniel Hurlbut further saith that the said first described tract, so set off by the said Sheriff's return in manner aforesaid, is of much greater value than the said tract which was shewn to said appraisers, and which said appraisers did actually appraise, in part satisfaction of said execution; and that the said Daniel's farm is greatly incumbered thereby and reduced in value. By all which the said Daniel is greatly injured and aggrieved, Whereupon he prays that the said levy of said execution, the appraisal of the lands thereon as aforesaid, and all the proceedings had thereon, may be set aside and held for nought, and that he may be restored to all that which he has lost, &c.

To this complaint there was a general demurrer and joinder.

*Adams* for the defendant. If the facts set forth in the complaint are true, and the plaintiff has sustained the injury complained of, an *audita querela* is not the proper remedy; it will not lie to set aside an execution, unless the judgment has been satisfied, or some fraud practised in obtaining it. In this complaint, no fraud or circumvention is alleged, and no payment or satisfaction is pretended. That an *audita querela* will lie in such case is contrary to the commonly received opinion and unsupported by precedent.

No action can be maintained for any thing alleged in the complaint. If, as the plaintiff alleges, the levy of the execution is irregular, the defendant has gained no title thereby; his entry upon the land would be a trespass, and the defendant might recover his damages.

The levy of the execution may operate as a satisfaction of the judgment, but of this Hurlbut has no right to complain; and if Mayo has gained nothing by the judgment, it would be vindictive to punish him for his errors and mistakes, by a judgment for damages and the costs of this suit.

The case may present some difficulties, but they are all on the

side of the defendant.   Whether a Court of Equity would grant *Chittenden,* relief to the plaintiff, is a question which need not be agitated here; *January, 1824* at all events this Court have no power to grant relief, in this action, if the mistake of which the plaintiff complains has occurred.   The *Hurlbut vs. Mayo.* proper time to try the validity of this levy would seem to be, when Mayo shall attempt to get possession of the land upon which the levy was made.   If Hurlbut has any object in trying the validity of the levy before an entry upon the land, let him bring his bill in Chancery ; and, on his conveying to Mayo the land which he says was shewn to the appraisers, the Court might set the levy aside and thus do justice to both parties.

*Griswold* and *Thompson* for the plaintiff.   The right of a creditor to extend an execution on the lands of his debtor, is given by statute : to acquire a title, therefore, by such levy, it is necessary that the steps pointed out by the statute should be strictly pursued. The statute, among other things, provides that the appraisers shall appraise such real estate as shall be shewn to them, and that the officer shall set out such estate, so by them appraised, by proper metes and bounds.   The complaint in this case discloses the fact, and which is admitted by the demurrer, that the estate described in the officer's return, was never shewn to the appraisers appointed on said execution, and of course was never appraised by them ; but that another, and different tract of land was shewn to, and appraised by them.   Statute 323.   Swift. Dig. 154—5.

From such manifest injustice, the party considers himself entitled to relief, and, in some form, the Court will be solicitous to extend it to him.   But the question in this case is, can the plaintiff obtain relief by *audita querela ?*   This writ is emphatically a process in the nature of a Bill in Equity, and is sustained whenever legal process has been abused, and has been injuriously executed in a fraudulent and oppressive manner, and the party injured has had no opportunity to defend.   In England, and in those States which have adopted the English practice, a remedy in such case is had by motion in the Court which rendered the judgment and granted the execution.   Bac. 134—5—6—7.

As by the rules and practice of our Courts, relief cannot in such case be obtained by motion—the party is left to seek his remedy by *audita querela* alone.   The law is well settled, that the plaintiff

Chittenden,
January,
1824.

Hurlbut
vs.
Mayo.

cannot in an action between him and the defendant, to try the title to the land in question, contest the validity of the judgment, execution or officer's return. All these, in point of form are good, and being matters of record, cannot be questioned until regularly set aside. 8 John. 281. 3 Caines, 267. 13 John. 97. 11 Mas. 165. 9 id. 96. Neither can this record be contested to the prejudice of any person claiming under the creditor. 11 Mas. 165.

This proceeding by *audita querela*, resembling as it does a Bill in Equity, is entitled to the favourable consideration of the Court. It cannot be denied that the complainant discloses strong grounds for relief. It is equally clear that the party is remediless, unless by this writ he can be restored to his rights. His remedy against the Sheriff, if indeed he has one, for a false or undue return, is not commensurate to the injury which he has sustained, and he ought not to be compelled to resort to this course, unless confined to it by some unyielding principles of law. The opinion of the Court was delivered by

WILLIAMS, J. The complaint sets forth, that in September, 1820, Mayo, the defendant, recovered judgment against Hurlbut, the complainant.—That an execution issued thereon, which was extended on certain lands described in the complaint, and the execution returned, as having been regularly levied on those lands in satisfaction of the judgment and execution.—That the land described in the Sheriff's return on said execution, was not shewn to the appraisers, or appraised by them; but that a different tract of land, containing the same number of acres, was shewn to and appraised by the appraisers, which is of far less value than the land described in the return: and the question is, whether on this complaint the plaintiff is entitled to relief.

On the part of the defendant it is urged, that if the levy is irregular, Mayo has acquired no title to the land thereby, and that his entry thereon would be a trespass. This position is certainly incorrect. The judgment and execution being regular, and the levy and return apparently so, they are conclusive, not only as to these parties, but as to all others, until set aside, and cannot be controverted, in any action of trespass or ejectment, where the title to the land comes in question.

It has also been said that the plaintiff must resort to a Court of

Chittenden,
January,
1824.

Hurlbut
vs.
Mayo.

Chancery to set aside the proceedings on this execution, if the judgment creditor has been guilty of any fraud, in obtaining the return of the Sheriff on the execution. It is certainly unnecessary to inquire whether the complainant would be entitled to relief in a Court of Chancery, because it will not follow, if he has, or might have a remedy by application to a Court of Chancery, that he cannot also obtain relief in a Court of Law. Still if he is not by law entitled to relief by *audita querela*, judgment must be against him, and he must seek relief in such other mode as he may be advised is adapted to the case.

There can be no doubt in this case, but that the levy of the execution was irregular, and that the injury sustained by the complainant, is of that nature that he is entitled to relief; and the Court would on motion, probably, set aside the levy. In the case of Johnson ex dem. Vanderlin & Bets *v.* Newton and others, 18 John. 355, it is decided that if the Sheriff proceed irregularly in the sale of real estate on execution, the Court, on motion, will set aside the sale; and it appears to us that there can be as little doubt but that the writ of *audita querela* is a proper remedy in this case. The process of the Court has been injuriously employed to the damage of the complainant, and he has had no opportunity of being heard in Court. And notwithstanding he might have had relief in a more summary manner by motion, yet this must be considered as a concurrent remedy.

In Hobart's Reports, between Case and Barneby it is decided that if the Sheriff on an elegit deliver a moiety of the land of the defendant which is ancient demesne, though it be admitted that this is not extendable, yet the defendant cannot avoid it by entry without an *audita querela*. It also appears from first of Roll's Abr. 305, pl. 8, between Rowe and Weeks it was adjudged, that if the Sheriff upon an elegit take an inquisition, and it appear, according to the value found, that more than a moiety of the land subject to the extent according to the value found, is delivered to the party who recovered, that this is voidable by *audita querela.* And in 4 Mass. Rep. 483, Johnson *v.* Harvey, it is decided that if an execution issue irregularly on a regular judgment, and award of execution, the remedy for the party injured is either by *audita querela* or by motion to the Court to set it aside.

*Chittenden,*
*January*
*1824*

The Court are of opinion, that the complainant in this case has sustained an injury, by the proceedings on the execution set forth in his complaint, and that he is entitled to the relief prayed for in his writ. There must therefore be

Judgment for the complainant.