### HENRY STANLEY *v.* SAMUEL McCLURE.

If a judgment creditor take out execution against the *body* of the defendant, when the judgment was recovered in an action founded upon a contract entered into subsequent to the first day of January, 1839, and the body of the debtor be arrested thereon, such execution will be set aside upon *audita querela.*

The remedy by *audita querela* is, in such case, concurrent with the remedy by motion.

AUDITA QUERELA. The complainant alleged that he was an inhabitant of this state, and that the defendant had recovered a judgment against him in an action founded upon a contract entered into subsequent to the first day of January, 1839, and that the defendant "without right, and contrary to the provisions of the statute law of this state," took out an execution upon such judgment, directed to any sheriff, &c., and commanding the sheriff, for want of goods, chattels, or estate of the complainant to be found, to arrest the complainant and commit him to jail, and that the defendant had delivered the said execution to an officer to serve, and that the complainant had been arrested thereon and was then in custody. The defendant pleaded not guilty, and issue was joined to the court.

Upon trial, the county court found the facts to be as alleged in the complaint. The defendant then filed a motion in arrest of judgment, for the insufficiency of the complaint, which motion the court overruled, and rendered judgment in favor of the plaintiff. Exceptions by defendant.

Stanley *v.* McClure.

*C. B. Harrington* for defendant.

1. The result of the decisions in this State has been, that the writ of *audita querela* will relieve when there has been a valid judgment and a subsequent discharge upon it, or when a judgment has been rendered against a defendant without notice to him. And the supreme court say that this writ has never been extended farther. *Dodge* v. *Hubbell*, 1 Vt. 491. *Staniford* v. *Barry*, 1 Aik. 321. *Finney* v. *Hill*, 13 Vt. 225. 2 Bl. Com. 313.

2. The statute,—Rev. St. c. 28, § 63,—which abolishes imprisonment for debt, does not declare that the issuing an execution *against the body*, where the judgment was rendered on a contract entered into subsequent to the first day of January, 1839, is illegal, but only that the body of the debtor, shall not be *arrested*, or *imprisoned*, thereon. The issuing of both *mesne* process and execution against the body is authorized by statute. If, then, this execution was issued legally, and in legal form, the fact that the complainant was illegally *arrested thereon* cannot make it void *ab initio*, nor can it, for that reason, be set aside. The complainant has ample remedy by *habeas corpus*, and whatever damages he has sustained might be recovered by an action for false imprisonment. Rev. St. 223, § 1.

*R. Pierpoint* for plaintiff.

The writ of *audita querela* is in the nature of a bill in equity, brought for relief against the oppression of the defendant, either by setting aside the execution for a cause arising after judgment, or by setting aside the judgment, on the ground that the defendant has not had his day in court. 3 Bl. Com. 404, 405. 1 Bac. Abr. 193. 1 Vt. 437. It is the appropriate, and, in this state, the only adequate remedy, when the party is pursued with an execution illegally taken out upon a valid judgment. 1 Aik. 366. Here the execution illegally issued,—Rev. St. 187, § 63,—and the complainant was, by direction of the defendant, illegally arrested. In what way is he to be relieved, but by *audita querela?* That is the most appropriate, and the most convenient, method, for protecting the rights of the parties. If an execution issue illegally, it will be set aside by *audita querela*, or upon motion ; *Johnson* v. *Harvey*, 4

Stanley *v.* McClure.

Mass. 483; or, if regularly issued, but irregularly levied; *Hurlburt* v. *Mayo,* 1 D. Ch. 387; *Jameson* v. *Paddock,* 14 Vt. 491; *Phelps* v. *Slade,* 13 Vt. 195.

The opinion of the court was delivered by

BENNETT, J. This is an *audita querela,* brought to set aside an execution, issued upon a judgment rendered in an action founded upon a contract, entered into since the first day of January, 1839. The execution issued against the body of the judgment debtor, and he had been taken into custody by the officer, who had the execution for collection. As, in such case, the execution should issue only against the estate of the debtor, and not against the body, this execution issued against law, and would, no doubt, have been set aside upon motion; and it is contended that there can be no relief by *audita querela.*

It is true that the process of *audita querela* does not bear upon the judgment of the court, but upon the acts of the opposite party. There is no complaint in this case of the preceedings of the Court, but the party has taken an illegal execution, and attempts to have it executed. The process of the court is used to effect an illegal purpose, to the injury of the complainant, and he has had no opportunity of being heard in court. There are cases in the English books, showing that where an *elegit* has issued, and the sheriff has delivered to the creditor lands, upon which the *elegit* was not extendable, the levy may be avoided by an *audita querela.* In *Johnson* v. *Harvey,* 4 Mass. 483, it was held that an execution, irregularly issued upon a regular judgment, might be set aside, either upon motion, or *audita querela.* In *Hurlburt* v. *Mayo,* 1 D. Ch. 390, an execution was, upon *audita querela,* set aside upon the ground that there had been a fraudulent levy made of it upon real estate. One piece of land, of less value, was caused to be appraised, and the return upon the execution was made to embrace a different piece, of greater value.

In the case before us the execution was wrongfully issued against the body. The creditor is attempting to make use of it, for the illegal and oppressive purpose of restraining the complainant of his personal liberty. Though the complainant might have a summary

relief by motion to set aside the execution, yet we think the *audita querela* must be, in this case, a concurrent remedy; and, in many instances, it would be the only adequate remedy.

The judgment of the county court is affirmed.