### THE TOWN OF POULTNEY *v.* THE TREASURER OF STATE.

*Extent for collection of taxes, &c.　Audita querela.*

*Audita querela* is a judicial writ, founded upon the record, and upon common law
principles is directed to the court in which the judgment was rendered, and
where the record remains.

*Audita querela* cannot be sustained in the County Court, to set aside an *Extent*
from the Treasurer of the State for collection of taxes.

*Audita querela* to set aside an *Extent* from the Treasurer of the
State, for the collection of taxes.　After demurrer and joinder in
demurrer, the defendant moved to dismiss, on the ground that the
court has no jurisdiction of the subject matter of the suit.

The County Court, September Term, 1852,—COLLAMER, J.,
presiding,—dismissed the cause for want of jurisdiction.

Exceptions by plaintiff.

*J. B. Beaman* and *Edgerton & Allen* for plaintiff.

1. The *Extent* is in the nature of an execution, and like an exe-
cution, is issued to enforce the payment of a supposed liability, and
if issued in the absence of such liability, should be set aside; and
it is insisted that the proper remedy is by *audita querela.*　Comp.
Stat. 292, § 6.　*Ball* v. *Sleeper*, 23 Vt. 574.　*Phelps* v. *Slade*, 13
Vt. 195.　*Sawyer et al.* v. *Vilas*, 19 Vt. 43.

2. The Treasurer had no authority to issue an *Extent* against the
town, unless he has previously, and *within thirty days* after the
time limited for the payment of the tax, issued his Extent against
the constable.　Comp. Stat. 468, § 36, 37, 38.　Comp. Stat. 469 § 43.

The town cannot act under this last section, and are not empow-
ered to make payment to the Treasurer, in any manner, until af-
ter the Treasurer has issued his Extent against the constable and
the town—and it would oftentimes operate great injustice to
the town, as it would do in the present case, to allow the Treasu-
rer to withhold his Extent for two years, (and if two years, a long-
er time,) until the constable and his sureties have lost all ability
to re-imburse the town; and besides, it is insisted that the select-
men have the power to issue their tax bill under this 43d sec. only
when the Treasurer shall have issued his Extent as aforesaid, that
is, as allowed by the 38th section; and this latter section allows

an Extent against the town only when the sheriff shall return *nulla bona*, in " such Extent" as shall have been issued against the constable under the power given the Treasurer by the 36th section ; that is, a power to issue it " within thirty days," &c. 2 Cow. & Hill's Notes, 1003.

*C. B. Harrington, and M. G. Evarts, and Peck & Colby* for defendant.

1. The writ *Audita querela* is authorized by our statutes, but the cases in which it will lie, (with the exception of judgments rendered by justices of the peace,) must be determined by the principles of the common law. *Staniford* v. *Barry*, 1 Aik. 321.

It is a judicial writ founded upon the record, &c. *Gleason* v. *Peck et al.* 12 Vt. 56.

In the case of *Garfield & Wife* v. *The University of Vermont*, 10 Vt. 536, it was held that a writ of *audita querela* was a writ at common law, issuing from a court of law ; and that the statute only recognized it as a writ to stay proceedings in a judgment by a court of law.

The Treasurer's Extent, sought to be set aside by this proceeding, did not issue upon a judgment of any court of law, nor is it in the nature of an execution.

2. This court sits as a Court of Error, to revise the decisions of the County Court ; and it is well settled that the court can only consider such questions as have been raised in and decided by the court below. *Patridge* v. *Davis*, 20 Vt. 499. *Sargeant* v. *Butts*, 21 Vt. 99.

The opinion of the court was delivered by

BENNETT, J. The question in this case is, has the County Court power to set aside an Extent from the Treasurer of the State, for the collection of taxes, upon an *audita querela*.

Though the statute gives the County Court power to issue this writ, yet the cases in which it may be issued must be determined by the principles of the common law. 1 Aikens, 321. 10 Massachusetts, 101. 17 Massachusetts, 153.

The *audita querela* is a judicial writ, founded upon the record, and upon common principles is directed to the court in which the judgment was rendered, and where the record remains.

XXV.　12

The process sometimes acts directly upon the judgment, by setting it aside; yet more ordinarily, it acts upon the execution issued on such judgment.

In the case before us, there is no judgment and no record in the court to which this *audita querela* was directed, and if it can be sustained, it ceases to be a *judicial writ*, and might be resorted to, to set aside any *Extent* for the collection of taxes, down to a school district tax.

The case of *Hurlburt* v. *Mayo*, 1 D. Chip. Rep. 387, has been relied upon to sustain this process; but we apprehend it has little bearing upon the question. In that case, a *fraud* was perpetrated upon the officer, who extended the execution upon the real estate of the debtor. One parcel was *appraised*, and another described in the officer's return, and for this *fraud* the levy was set aside upon an *audita querela*. In the English Books there are cases in which an *Elegit* has been set aside upon *audita querela*, it having been levied upon more than a moiety of the lands subject to the *Extent*. But the Extent termed an *Elegit* is always issued upon a judgment of a court of competent jurisdiction, and the cases cannot by analogy sustain the present process.

We apprehend this is the first instance of an attempt to sustain an *audita querela*, to set aside an Extent for the collection of taxes; and that to sustain it, would be at war with the fundamental principles relative to that peculiar process. It is not for us to say what the remedy for the town must be, if they have sustained an injury which should be redressed. All that is now necessary for us to decide is, that this process cannot be sustained.

The judgment of the County Court is affirmed.