HILL, Defendant in Error, *vs*. THE CITY OF ST. LOUIS, Plaintiff in Error.

1. A circuit court has no power to insert a clause in a judgment, authorizing the party against whom it is rendered to move to set it aside at the next term; and where, upon motion made in pursuance of such leave, a judgment was set aside at the next term, and a new judgment rendered, it was treated as a nullity by the supreme court, and the first judgment reinstated.

*Error to St. Louis Circuit Court.*

The case is sufficiently stated in the opinion of the court.

*T. T. Gantt*, for plaintiff in error.

*S. A. Holmes*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This was a petition for an injunction, restraining the collection of taxes by the city of St. Louis for the year 1850, which had been assessed upon certain property of the petitioner.

The points relied on for the granting of the injunction were the same that were shown in the case of *Benoist et al., v. The City of St. Louis*, reported in 19 Mo. Rep. 179. The city filed her answer, and the case was continued from time to time until at the November term, 1853, it was, on the motion of the petitioner, by her counsel, dismissed. The order of dismissal was on the 21st day of February, 1854, still being the November term, 1853. The dismissal was at the costs of the petitioner. It was agreed at the same time, and was so embodied in the order, that the petitioner pay within ten days the said costs and taxes assessed, with interest from the date of the injunction,

into the court, and in default thereof, that execution issue therefor. Afterwards, at the same term, to-wit, on the 11th day of March, 1854, the petitioner having failed to pay the taxes, costs and interest, within the ten days, the Circuit Court, on motion of the city by her counsel, rendered a judgment against the petitioner for the amount of said taxes, costs and interest from the 22d day of January, 1851, and for execution therefor, which judgment was for the sum of $231 60, being the amount of taxes and costs and the interest thereon, together with the costs of this suit. After the formal entry of this judgment in favor of the defendant against the petitioner, an order in the following terms is entered : " And it is further ordered, that said plaintiff have leave to file her motion to set aside this judgment, and to present and file her bill of exceptions to the proceedings herein, on or before the first day of the next term of this court."

The plaintiff afterwards, at the April term, 1854, made her motion as follows, after naming the parties :

" Now at this day; in pursuance of leave heretofore given, comes the plaintiff by her attorney, and moves the court to set aside the assessment of damages and the judgment therefor, upon the dismissal of this suit, for the following reasons : 1. Because the court erred in giving judgment upon said dismissal for the amount enjoined, and six per cent. damages on such amount. 2. Because the court, upon such dismissal, erroneously proceeded to assess the damages of its own accord, without giving the plaintiff an opportunity to be heard upon such assessment."

This motion was sustained by the court, so far as it relates to the assessment of damages, and the judgment heretofore rendered was, as regards the damages on the dissolution of the injunction, set aside. On the 29th of May, at the said April term, the parties appear again in court, and submit to the court the question of damages to which the defendant is entitled by reason of the dissolution of the injunction sued out in the case. It is then considered by the court that the defendant recover of

the plaintiff the sum of $194 90 as and for the said damages, together with the costs of suit, and that execution issue therefor, giving no damages on the dissolution of the injunction. The city moved the court to review and reconsider the judgment in this cause, and to amend and correct the assessment of damages by adding thereto interest at the rate of six per cent. per annum from the date of the injunction to the present time. This motion was overruled and excepted to, and the city brings the case here by writ of error.

The points raised by the city counsellor on this record question the power of the Circuit Court to set aside the judgment given at the November term, 1853, by any order which that court could make at the April term, 1854; also, the ruling of the Circuit Court in refusing to allow damages on the dissolution of the injunction.

1. In the consideration of this case, should this court be of the opinion that the court below had no power or authority at the April term over a judgment rendered by it at a preceding term, then it will do away with the necessity of examining and deciding upon the second question, that is, the one in relation to the damages upon the dissolution of the injunction, for all the proceedings and orders taken in the case at the April term, in that event, will be regarded as of no force or effect—mere nullities.

Were it not for that most extraordinary order, after the rendition of the final judgment in March, 1854, in favor of the city against the petitioner, by which the court gave leave to the plaintiff, whose petition had been dismissed at her own motion, to appear on the first day of the next term, and move to set aside this judgment and to file her bill of exceptions, there would not be a doubt on this question. All control over the judgment ceased at the end of the term at which it was rendered, except mere formal emendations or corrections allowed by the statutes of jeofails.

In the case of *Ashby* v. *Glasgow et al.*, (7 Mo. Rep. 320,) this court held the following language: " When a final judg-

Hill *v.* City of St. Louis.

ment is rendered in a cause, and that judgment is erroneous, it may, during the term at which it was rendered, be set aside; for, during the term, all the proceedings are in the breast of the court, and they may be altered or vacated as justice requires. But when the term is past, then the control of the court ceases, and no alteration or amendment can be made, but such as is authorized by the statute of jeofails and amendments." Blackstone says, in his Commentaries, book III, ch. 25, side p. 406–7 : " But when once the record is made up, it was formerly.held that, by the common law, no amendment could be permitted unless within the very terms in which the judicial act so recorded was done; for, during the term, the record is in the breast of the court, but afterwards it admitted of no alteration. But now the courts are become more liberal, and where justice requires it, will allow of amendments at any time, while the suit is pending, notwithstanding the record be made up and the term be past; for they at present consider the proceedings as in *fieri* till judgment is given, and therefore that till then they have power to permit amendments by the common law; *but* when judgment is once given and enrolled, no amendment is permitted in any subsequent term."

" But yet, during the term wherein any judicial act is done, the record remaineth in the breast of the judges of the court and in their remembrance, and therefore the roll is alterable during that time, as the judges shall direct; but when that term is past, then the record is in the roll, and admitteth no alteration, averment or proof to the contrary." (Coke's Litt. sec. 438, lib. 3, p. 260.) The question now occurs, had the Circuit Court authority to make that order granting leave to file exceptions and make motions to set aside the judgment at a future term. If it had power to grant leave to a party to make such motions at one future term, what deprives it of the power to grant similar leave to a party a second or third or fourth term ? We say it has no such power, and it is right and just that it should have no such power. There could never be an end to the proceedings of a controversy between parties where such power be placed in the hands of a

doubting and irresolute judge ; there might be no telling when a judgment is to become final. One party is allowed, by leave entered on record at one term, to move to set aside the judgment at the next succeeding term ; and then the other is allowed the same privilege at a still succeeding term, *toties quoties,* and when will the matter end ? It will not do to say that this power lies in the discretion of the judges. This is the fruitful source of judicial error, of judicial abuse. Such a power is withheld from the courts ; it is not found in the field of discretion, as widely extended even as some would have it.

The record in this case shows this singular state of facts, that after judgment entered on the dissolution of an injunction for the amount of taxes, costs, &c., and interest at six per cent. from the time of the injunction granted up to the dissolution, and an order for execution on said judgment *to issue;* that, without any motion therefor, the Circuit Court, of its own accord, made the order granting leave to the petitioner to file her motion at next term to set aside this judgment, and to file her bill of exceptions ; this done without any consent or understanding of the opposite party. This order was improperly made, nay, it was without authority, and must be treated and regarded as a nullity.

This being the case, all the proceedings and orders made at the April term of the court are considered irregular and void. The judgment given then at the April term, in which no damages for and on account of the dissolution of the injunction were allowed, is set aside, as well as the order setting aside the judgment of the former term ; and the judgment given by the court at the November term, 1853, for the sum of $231 60, is reinstated and affirmed. This judgment must bear interest at six per cent. from the time it was rendered.

This view disposes of the case, so far as regards the second question. The judgment, then, given below by the Circuit Court at April term, 1854, is reversed, and the judgment of the November term, 1853, is affirmed, and is ordered to be carried into effect by the court below ; Judge Scott concurring herein.