PATRICK FOLAN *vs.* MATTHEW FOLAN.

*Audita querela—when and by whom maintainable.*

A judgment debtor, who was absent from the State and not served with process, may maintain *audita querela*, to set aside an execution issued on a judgment rendered on default, in a personal action, within one year thereafter, without first giving the bond prescribed in R. S. c. 82, § 4, notwithstanding the execution has been returned satisfied by a levy on the debtor's real estate.

ON FACTS agreed.
Case is stated in the opinion.

*J. W. Williamson,* for the plaintiff.

*N. H. Hubbard,* for the defendant.

Folan v. Folan.

APPLETON, C. J. On 16th August, 1865, the defendant sued out a writ of attachment against the plaintiff, who was at the time absent from the State, and did not return until after the judgment, hereinafter referred to, was rendered against him. There was no service upon the plaintiff, or his tenant, agent, or attorney, and no appearance by or for him. At the return term, notice was ordered to be given the plaintiff (then defendant) " by causing an attested copy of this action, with the order of court thereon, to be published three weeks successively in the ' Progressive Age,' etc. The order was complied with, and, at the next term, judgment was rendered on default and execution issued thereon, without any bond having been given by the defendant (then plaintiff) as required by R. S. c. 82, § 4. The execution thus obtained was levied upon the plaintiff's real estate, and returned satisfied, whereupon he has brought the writ of *audita querela*. Is it maintainable ?"

The execution was irregularly issued against the express provisions of the Statute, c. 82, § 4. In such case there can be no writ of error. " The remedy of the party injured," observes Parsons, C. J., in *Johnson* v. *Harvey*, 4 Mass. 485, " is either by *audita querela*, or by motion to the court to set the execution aside." This is the proper remedy when an execution has issued without notice to the defendant, and without giving the bond required in such case by the statute. *Marvin* v. *Wilkens*, 1 Aiken, 107 ; *Whitney* v. *Silver*, 22 Vt. 634 ; *Porter* v. *Vaughan*, 24 Vt. 211. It lies to vacate a judgment irregularly issued, when the bond required by statute has not been given, though the execution has been satisfied by a levy on personal estate. *Alexander* v. *Abbott*, 21 Vt. 476. So it may be maintained by a judgment debtor not served with process to set aside an execution taken out by a creditor, without first filing the bond required by statute, even after the execution has been satisfied by a levy upon real estate. *Dingman* v. *Myers*, 13 Gray, 2. It is a concurrent remedy with a petition for a review. *Lovejoy* v. *Webber*, 10 Mass. 101.

The case of *Bryant* v. *Johnson*, 24 Maine, 304, is inapplicable. In that case, the service was duly made on the original defendant,

and judgment rendered for the amount due.    The original plaintiff
was entitled to an execution of right.    The one issued was re-
tained by the plaintiff's attorney, and a second one was issued,
upon which a levy was made, which was the only matter of com-
plaint.    No wrong was done, "unless," as remarks Whitman,
C. J., "the payment of an honest debt can be accounted an in-
jury."    Whether the second execution was issued irregularly or
not, the court say they will not inquire.    In the present case, the
question was issued against the express prohibition of the statute,
in a case where the defendant had no personal service, and where
he was entitled to the protection of a statutory bond, before it
could leg lly issue.

The writ of *audita querula* is a remedy to which the aggrieved
party is entitled.    That he may have another remedy is no reason
why he should not have this.

> *Judgment for plaintiff, that execution illegally*
> *issued, and all proceedings under it vacated.*

KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.