ANNA C. WOFFENDEN, PLAINTIFF, *v.* RICHARD WOF-
FENDEN, DEFENDANT.

JUDGMENT IS FINAL WHEN RENDERED AFTER HEARING the complaint,
answer, and argument of counsel for plaintiff and defendant, and the
term at which it was rendered has elapsed.

COURT HAS NO POWER TO KEEP JUDGMENT UNDER ITS CONTROL, after it
has decided the case on its merits, upon a proper hearing.

WORDS "AND UNTIL THE FURTHER ORDER OF THIS COURT," added to a
decree of the court making an injunction perpetual, do not make such
decree interlocutory, nor do they give the party against whom the decree
has been rendered the right to move for the dissolution of the injunction
at a subsequent term of the court.

APPEAL from the district court of the first judicial
district, Pima county. Bill for an injunction. The facts
are stated in the opinion.

*Titus & Hughes,* for the appellant.

*Farley & Pomroy,* for the respondent.

By Court, PORTER, J.:

This case arose upon a complaint in the nature of a bill of
equity by the plaintiff, a married woman, to enjoin the de-
fendant, her husband, from interfering with her separate
property, or with the "rents, issues, and profits thereof."

The complaint is as follows:

"Complaint. Anna C. Woffenden, plaintiff, v. Richard
Woffenden, defendant.

"Anna C. Woffenden, the above-named plaintiff, com-
plains of Richard Woffenden, the above-named defendant,
and alleges:

"1. That defendant and plaintiff are husband and wife,
that they intermarried at Tucson, in the county of Pima,
territory of Arizona, on or about the —— day of ——, A. D.
1872, and ever since have been, and are now, husband and
wife.

"2. Plaintiff further alleges that she is of the age of
twenty-one years and over.

"3. That on the thirteenth day of August, 1873, for the
purpose of preventing difficulties and misunderstandings
arising between them, articles of agreement were entered
into, made, and signed by said defendant and this plaintiff,

a copy of which articles of agreement, marked 'Exhibit A,' is hereunto annexed, and prayed to be made a part of this complaint. That by said articles of agreement said defendant covenanted, promised, and agreed to and with the said plaintiff that he, the said defendant, would not in any manner seek to control or derive any benefit from the separate property of plaintiff, nor from the rents, issues, and profits of said property.

"4. Plaintiff further alleges that on the seventh day of October, 1873, the said defendant, in violation of his aforesaid covenant, promises, and agreements, and in violation of the legal rights of said plaintiff over her separate property, served notices upon the tenants of said plaintiff to pay the rents due and owing on the separate property of plaintiff to said defendant.

"Wherefore, the plaintiff demands judgment: 1. That the said defendant be enjoined from exercising any control or authority over the separate property of said plaintiff, or the rents, issues, and profits thereof; 2. For the costs of this suit."

The contract referred to is as follows: "This indenture made and entered into this thirteenth day of August in the year of our Lord one thousand eight hundred and seventy-three, between Richard Woffenden and Anna Charauleau Woffenden, his wife, both of the village of Tucson, in the county of Pima, and territory of Arizona, in consideration of the mutual promise and agreement of the said parties made to each other before marriage, and to prevent difficulties and misunderstandings arising between them in the future, witnesseth:

"That in consideration of the premises, and of the covenants, promises, and agreements hereinafter contained of the said Anna C. Woffenden, the said Richard Woffenden does hereby covenant, promise, and agree to and with his said wife, Anna C. Woffenden, that while the said parties shall live together as man and wife, the said Richard Woffenden will, from his own separate property and means, pay and defray all the household expenses of every class and description necessary to the comfortable maintenance of himself and his wife, the said Anna C. Woffenden; those

hereinafter expressly provided for by the said Anna C. Woffenden.

"And the said Richard Woffenden further covenants, promises, and agrees to and with the said Anna C. Woffenden, his wife, that he will not in any manner seek to control or to derive any benefit from the separate property of his wife, the said Anna C. Woffenden, nor from the rents, issues, and profits of the said property, and that he will pay and defray all his private and individual expenses, including his own clothing, etc., from his own separate property and means.

"And in consideration of the premises, and the covenants, promises, and agreements hereinbefore contained of the said Richard Woffenden, the said Anna C. Woffenden, wife of the said Richard Woffenden, does hereby covenant, promise, and agree to and with the said Richard Woffenden, that she, the said Anna C. Woffenden, will, from her own separate property and means, pay and defray all expenses incurred by her in keeping and maintaining one or more horses, with the carriage or other vehicle used with the same, and will also pay and defray from her own separate property and means all her own individual and private expenses, including her own clothing, etc., and that she will not in any manner seek to control or to derive any benefit from the separate property of her husband, the said Richard Woffenden, nor from the rents, issues, and profits of the said property.

"In witness whereof, the parties to these presents have hereunto, and to another of like tenor and date, set their hands and seals the day and year first above written.

"RICHARD WOFFENDEN.  [Seal.]
"ANNA C. WOFFENDEN.  [Seal.]
"Signed, sealed, and delivered in presence of ——."

Upon which the judge at chambers directed this order:

"This complaint will be heard on Monday, the seventeenth instant, at ten A. M. of that day, on not less than four days' notice to the defendant, and in the mean time the property and interest of the plaintiff not to be in any manner or degree prejudiced or interfered with by the defendant.

"November 10, 1873.        JOHN TITUS, Judge, etc.

"Filed November 10, 1873.    O. Buckalew, Clerk.   By S. W. Carpenter, Deputy."

And upon hearing, the following order for injunction was entered:

"Order for injunction.    Anna C. Woffenden, plaintiff, v. Richard Woffenden, defendant.

"To Richard Woffenden:

"1. The above-named plaintiff having commenced an action in the district court of the first judicial district of the territory of Arizona, in and for the county of Pima, against the above-named defendant, and having prayed for an injunction against said defendant requiring him to refrain from certain acts in said complaint and hereinafter more particularly mentioned.

"2. It is therefore ordered by me, the judge of the said district court of the first judicial district, that until further order in the premises, you, the said Richard Woffenden, and all your counselors, solicitors, and agents, and all others acting in aid and assistance of you and each and every one of you, do absolutely desist and refrain from exercising or attempting to exercise any control or authority whatever over the property, both real and personal, or any part thereof, in the possession of and owned by the said Anna C. Woffenden at the time of her marriage, together with all such property, both real and personal, which the said Anna C. Woffenden has acquired since her said marriage, or the rents, issues, and profits thereof.

"November 18, 1873.        JOHN TITUS, Judge, etc.

"Indorsed:  Filed November 18, 1873.  O. Buckalew, Clerk.  By S. W. Carpenter, Deputy."

An answer was filed in the case, November 28, 1873, as follows:

"Answer.  Anna C. Woffenden, plaintiff, v. Richard Woffenden, defendant.

"The defendant answers to the complaint:

"1. And for a first defense denies: 1. That he did agree with the plaintiff as alleged, or at all; 2. That he has in any way interfered or attempted to control the separate property of said plaintiff.

"2. And for a further and separate answer and defense, alleges: 1. That the articles of agreement between plaintiff and defendant, referred to in the complaint, were signed by the defendant without the defendant's knowledge of the con-

tents thereof, and with the full and explicit understanding with plaintiff's counsel that the same was void, and did not affect or abridge any of the material rights of the said defendant. 2. That the plaintiff has not performed the conditions of said articles of agreement, but on the contrary has wholly omitted in defraying the expense of keeping and maintaining one or more horses, with the carriage or vehicle, as set forth in said articles of agreement, and has acted towards him, the said defendant, in such a manner as to foment strife, and encourage difficulties and misunderstandings between plaintiff and defendant as man and wife.

"Wherefore, the defendant demands that the action be dismissed at the cost of plaintiff, that the injunction granted by this court be discontinued, and that plaintiff be perpetually enjoined from further prosecution of this said action.

"Filed December 1, 1873. O. Buckalew, Clerk. By S. W. Carpenter, Deputy."

At the regular December term, 1873, the cause having come on regularly for hearing, the court gave the following judgment in the case:

"Copy of judgment. Anna C. Woffenden, plaintiff, v. Richard Woffenden, defendant.

"This cause having come on regularly for hearing on the tenth day of December, A. D. 1873, and being argued by the parties' respective counsel, O. F. McCarty, Esq., for the plaintiff, and L. C. Hughes, Esq., for the defendant, was by the court taken under advisement and consideration. Now, on this fifteenth day of December, A. D. 1873, the decree of the court therefore is that this cause having come to a final hearing on bill, answer, and argument of counsel, therefore, and in consideration thereof, it is now hereby ordered and decreed that the injunction heretofore issued and still existing in the case ought to be and the same is made perpetual, or until the further order of this court.

"Done in open court this fifteenth day of December, A. D. 1873.

"Indorsed: Filed December 15, 1873. O. Buckalew, Clerk. By S. W. Carpenter, Deputy."

It does not appear that any other proceedings were had in the case until nearly two years afterwards, during which

time three regular terms at least of the court had intervened; but on August 4, 1875, the defendant gave notice of motion, in the same court that entered the foregoing judgment, that he would move that the injunction in this action be dissolved, and the court, on a hearing on the original pleadings and argument of counsel, made the following order:

"Order dissolving injunction. Anna C. Woffenden, plaintiff, v. Richard Woffenden, defendant.

"At a regular term of the district court of the first judicial district of the territory of Arizona, in and for Pima county, held at the court-house August 16, A. D. 1875.

"And now comes as well the said plaintiff by her attorneys, Messrs. Titus & Hughes, as the said defendant by his attorneys, H. Farley and H. B. Summers, and thereupon this action comes on for a hearing before the court, on motion of defendant's attorneys to dissolve the injunction heretofore granted in said cause.

"On reading the complaint of plaintiff and the answer of defendant herein, and on motion of H. Farley, Esq., counsel for defendant, and after hearing Messrs. Titus & Hughes, Esqs., counsel for plaintiff, in opposition, it is ordered that the injunction granted on the eighteenth day of November, A. D. 1873, against the above-named Richard Woffenden, be vacated and dissolved.             E. F. DUNNE,

"Judge First District Court, A. T.

"Indorsed: Filed August 16, 1875. Jos. B. Auston, Clerk."

We are of the opinion that the court below erred in entertaining the motion to dissolve the injunction in this case, and in dissolving the same, as by the record of all the proceedings it appears conclusive that the same case had already been fully and finally heard and decided.

We can not come to other conclusions, for it is apparent that all the facts of the case were the same before the court on both hearings. The language of the notice of motion to dissolve is that the documents to be used on said motion were the complaint, answer, and order for injunction and records of the court, and no other cause or reason is assigned for asking the court to set aside a judgment entered by it nearly two years previous.

It is urged by defendant that the last clause of the judgment, "or until the further order of this court," is conclusive that the judgment was not intended as a final judgment of the court, and was subject to reversal at any time. While the language is peculiar, it does not have to us such significance.

The judgment recites that the cause "came on regularly to be heard." The case had already gone through the stages ordinary in this class of cases—an order restraining defendant, then a temporary injunction, then at regular term of court issue joined, complaint and answer verified by both parties, arguments of counsel.

The judgment recites that having come to a final hearing on bill, answer, and argument of counsel, it is now hereby ordered and decreed that the injunction heretofore issued and still existing in this case ought to be and the same is made perpetual.

The whole subject-matter of the motion was then *res judicata.*

If this was clearly the judgment of the court, if issue had been joined and the case had been before the court on its merits—and the record clearly shows that it was as fully so in the hearing when the injunction was made perpetual as when the order from which this appeal was taken was entered—then we hold the rule to be, and that governs this case, that "a court can not open a decree, after there has been a regular trial and judgment upon the merits, after the term at which the decree was entered had expired. Its jurisdiction over the decree at the end of the term is exhausted, except, perhaps, in cases where it is shown that a mistake, accident, or surprise or negligence of counsel occurred by which a decision on the merits was prevented." None of these grounds were alleged, nor do they appear to have existed. Freeman on Judgments, sec. 100, and authorities there cited; 1 Abb. (U. S.) 302.

As to just what the court meant by the closing words of the order cited and relied upon by counsel we are not clear, except that they do not detract from the proposition that the judgment was a final judgment of the court. If the court meant to say that the injunction was final until the court changed it by direction of an appellate court, it effected

nothing.   If the court meant to keep the judgment under
its control after deciding it after a hearing on its merits,
it plainly exceeded its power, and the closing clause
should not be regarded on appeal.

In Freeman on Judgments, the learned author, comment-
ing upon the authorities upon this subject, says: "The
interests of society demand that there should be a termina-
tion to each controversy."

Courts have no power, after fully deliberating upon causes
and ascertaining and settling the rights of parties, to add
clauses in their judgment authorizing the losing party to
apply at a subsequent term to have the judgment against
him set aside.   The law does not permit any judicial tribu-
nal to exercise a revisory power over its own adjudications
after they have in contemplation of law passed out of the
breast of the judge.   *Bank of the United States* v. *Moss,* 6
How. 31.

"If a vacillating, irresolute judge were allowed to thus
keep causes ever within his power to determine and re-
determine term after term,   *   *   *   litigation might be-
come more intolerable than the wrongs it intends to redress."
Freeman on Judgments, 68.

The rule laid down in *Hill* v. *City of St. Louis,* 20 Mo.
584, and we hold it a safe one, is, "Leave granted in one
term to set aside the judgment at the next term is void,"
and this appears to be the construction in effect claimed
by the respondent, that the injunction was decreed to be,
after a final hearing, perpetual, but that the closing clause,
"or until the further order of this court," is to be con-
strued as a license to the losing party to ask the court at
some future day, under more favorable circumstances,
again to pass upon the question.

It will not be denied that the judgment making the in-
junction perpetual in this case is certainly a final judgment
in the ordinary form if the concluding clause is omitted,
and that it was founded upon proceedings ordinarily had in
such cases.   If, then, it was proper for the court to have
added it in this case, and if it is proper for this court to
give to it the effect claimed by respondent, then it would
follow that a district court could, if so disposed, keep any
and all judgments within its control by adding the words

here found at the end of its judgment. If the clause in this case renders the judgment interlocutory, and not subject to appeal, but only to be set aside or modified by the court that entered it, the same formula attached to the judgment from which the appeal is taken, or to any other judgment, would necessarily affect it in a similar manner.

The rule was announced in the case of *Baldwin* v. *Kramer*, 2 Cal. 582, "that after the expiration of a term of the district court no power remains in it to set aside a judgment or grant a new trial." And the learned judge adds: "A different doctrine would lead to great uncertainty, and possibly to gross abuse; there must be a time when the rights of the parties are to be considered determined, and for litigation to cease." And for this purpose the law has wisely fixed the rule here indicated.

Applying the rules before stated to this case, we are of opinion, as already indicated, that they effectually dispose of the same. It therefore does not appear necessary to examine the record of errors, either of law or of fact, committed on the trial of the cause.

The order vacating and dissolving the injunction must be set aside.

TWEED, J., concurred.